FILED

08 FEB 12 PM 1:16

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

N/C

UNITED STATES DISTRICT COURT

_Northern_ DISTRICT OF CALIFORNIA

Petitioner/Plaintiff ) CASE No. C07-6078 WHA
_Bradley M. Hixm_ )
) MOTION FOR APPOINTMENT
vs. ) OF COUNSEL
_C/o J. Cruzen_ )
Defendant/Respondent. )

COMES NOW, Petitioner/Plaintiff _Bradley M. Hixm_ respectfully requesting appointment of counsel pursuant to 28 United States Code (U.S.C.), §1915(d). Appointment of counsel is necessary because Petitioner is a state prisoner, who is unlearned in the law, having only a _2.0_ grade education; indigent and cannot afford to obtain counsel, and because of his incarceration, is unable to obtain crucial evidence under discovery that only an attorney can obtain through cooperation.

Although the District Court cannot appoint counsel per se _MALLARD v. UNITED STATES COURT for the SOUTHERN DISTRICT OF IOWA, 490 U.S. 296, 307-308 (1989))_, the District Court does not have broad discretion to request counsel for indigents under 28 U.S.C., § 1915(d); however, the appointment of _counsel_

1

1  is reserved for exceptional circumstances. No clear definition
2  of this standard exists, but it turns on the quality of two (2)
3  basic factors. The two-prong test is:

4  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the
5  merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal
6  issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a
7  decision." TERRELL v BREWER 935 F.2d 1015 (9th Cir. 1991).

8  "First, the District Court should consider the merits of
9  the indigent's claim. Even where the claim is not frivolous,
10 counsel is often unwarranted where the indigent's chances of
11 success are extremely slim, such as, 'because the law is
12 clearly settled. Such action would be futile'". LIGARE v
13 HARRIS, 128 F.2d 582, 583 (7th Cir. 1942)).

14 Petitioner/Plaintiff contends that he has passed the first
15 prong of TERRELL v BREWER (supra) as his claim(s) are not
16 meritless because under the 1996 Prison Litigation Reform Act,
17 all in forma pauperis actions brought by prisoners are to be
18 screened and summarily dismissed sua sponte if they are found
19 to be frivolous, malicious, or fails to state a claim on which
20 relief can be granted. RODGERS v DEBOE, 950 F.Supp. 1024, 1028
21 (S.D. Cal. 1977); 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).
22 Also, there is no "clearly settled" case law making the claim
23 of "futile," as every such claim as presented in Petitioner's/
24 Plaintiff's complaint must stand or fall on its own merit if
25 the claims are supported by evidence, Petitioner/Plaintiff
26 prevails, and if not, he loses.

27 Whether legal issues involved are complex or not is
28 subjective. Certainly, to a qualified and skillfully trained

1 attorney, no legal issue is too complex, if the legal issue is
2 in that attorney's field of expertise. But even a professional
3 attorney is not expected to be competent outside his or her
4 field of training. MALLARD v UNITED STATES DISTRICT COURT for
5 the SOUTHERN DISTRICT of IOWA, 490 U.S. 296, supra). There-
6 fore, how can a prisoner pro se litigant, with no more than
7 a(n) 2.0 grade education, be expected to overcome complex
8 procedural rules and answer responses prepared by teams of
9 highly skilled and seasoned state's attorneys, whose only job
10 is to thwart prisoner law suits?

11 "Most actions require development of further facts during
12 litigation and a pro se incarcerated litigant will seldom be in
13 a position to investigate all the necessary facts to support
14 the case." WILBORN v ESCALDERON, 781 F.2d 1328, 1331 (9th
15 Cir. 1986)).

16 Therefore, "Where the indigent is in no position to
17 investigate crucial facts, counsel should be appointed
18 MACLIN v FREAKE, 650 F.2d 885, 886 (7th Cir. 1981)).
19 It has long been held in this Circuit that "[it] might be
20 that an appointed attorney could, by way of deposition, obviate
21 the necessity of transporting the plaintiff, or, at least,
22 preserve testimony for subsequent hearings." UNITED STATES v
23 MADDEN, 352 F.2d 792, 793 fn.1 (9th Cir. 1965).

24 If the Court does not request that counsel represent
25 Petitioner, it is in all likelihood that Petitioner's/
26 Plaintiff's case will not only be prejudiced, but lost. Not
27 for want of meritorious claim, but rather for want of evidence
28 to prove [the] merit within the claims, which could have only

1 | been obtained with and through the professional expertise
2 | and assistance of counsel.

## CONCLUSION

For the foregoing reasons, and in the "Interest of fairness in justice," Petitioner/Plaintiff respectfully that the Court appoint counsel in this matter before the Court.

Respectfully submitted,

DATED: Feb 10, 2008

Bradley N. Dixon
Plaintiff/Petitioner

//
//
//

4



D. M. Hien T78115 D2-116
Salinas Valley State prison
PO Box 1050
Soledad CA 93960-1050

Legal
MAIL

WHA

Office of the Clerk
U.S. District court Northern
District of California
450 Golden Gate Ave