1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  CYNTHIA C. FRITZ, State Bar No. 200147
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5793
    Fax: (415) 703-5843
8   Email: Cynthia.Fritz@doj.ca.gov

9  Attorneys for Defendant J. Cruzen

10

11                    IN THE UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                         SAN FRANCISCO DIVISION

14

| | |
|---|---|
| **BRADLEY M. HIXON,** | C 07-6078 WHA |
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION FOR QUALIFIED IMMUNITY** |
| v. | |
| **Correctional Officer J. CRUZEN,** | |
| Defendant. | |

20  TO PLAINTIFF BRADLEY M. HIXON, PRO SE:

21      PLEASE TAKE NOTICE that defendant J. Cruzen (Defendant) moves the Court to dismiss

22  this action under Rule 12(b) of the Federal Rules of Civil Procedure because Bradley M. Hixon

23  (Plaintiff) failed to exhaust his administrative remedies before filing this action, as required by

24  the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), and Plaintiff also failed to state

25  a claim for relief against the Defendant.

26      PLEASE TAKE FURTHER NOTICE that the Court may look beyond the pleadings and

27  decide disputed issues of fact when ruling on Defendant's non-enumerated Rule 12(b) motion for

28  failure to exhaust administrative remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir.

Defendant's Not. of Mot. and Mot. to Dismiss and Mot. for Qualified Immunity            *Hixon v. Cruzen*
                                                                                         C 07-6078 WHA

1  2003).  Plaintiff may provide evidence to the Court to dispute that which is presented by

2  Defendants.  *Id.* at n.14.

3          This motion is based on this Notice, the following Memorandum of Points and

4  Authorities, the declarations and exhibits filed in support of this motion, the proposed order, and

5  the pleadings and records on file with the Court in this action.

6                    **MEMORANDUM OF POINTS AND AUTHORITIES**

7                                 **ISSUES PRESENTED**

8          1.)  The PRLA requires an inmate to properly exhaust administrative remedies before

9  filing civil-rights suits concerning prison conditions.  Plaintiff's appeal was not exhausted

10 because he did not complete the final level of review.  2.)  Plaintiff fails to state a claim for relief

11 because he did not satisfy all of the retaliation elements against the Defendant.  3.)  Plaintiff does

12 not to allege facts which show a violation of a constitutional right by Defendant, so he is entitled

13 to qualified immunity.

14         Should this Court dismiss this action because Plaintiff failed to properly exhaust his

15 administrative remedies and failed to state a claim for relief?

16                                **SUMMARY OF ARGUMENT**

17         The Plaintiff cannot satisfy the PLRA's administrative remedies exhaustion requirement

18 because the administrative appeal received no final Director's level review, and therefore did not

19 properly exhaust all available administrative remedies.

20                               **STATEMENT OF THE CASE**

21         Plaintiff Bradley M. Hixon, CDCR number T-78115, is a state prisoner incarcerated at

22 Salinas Valley State Prison.  On December 3, 2007, Plaintiff filed this action under 42 U.S.C. §

23 1983.  This Court screened Plaintiff's complaint under the PLRA, and recognized one claim.

24         The recognized claim is a First Amendment claim against Salinas Valley State Prison

25 correctional officer J. Cruzen, for allegedly retaliating against Plaintiff by cuffing him,

26 threatening him, and writing a false rules violation complaint against him for Plaintiff insisting

27 upon having a shower.  (Order of Initial Review, Docket No. 5, dated Jan. 8, 2008, 2:15-17.)

28 //

Defendant's Not. of Mot. and Mot. to Dismiss and Mot. for Qualified Immunity          *Hixon v. Cruzen*
                                                                                       C 07-6078 WHA

2

**STATEMENT OF FACTS**

1

2    Plaintiff alleges that on November 11, 2007, Defendant falsely accused him of a rules

3 violation, cuffed him, and threatened him, in retaliation for Plaintiff insisting upon having a

4 shower. (Complaint, Docket No.1, dated Dec. 3, 2007, 3.)

5    On November 11, 2007, Defendant wrote a Rules Violation Report (RVR), A07-11-0045,

6 against Hixon for threats on staff. (Medina Decl. ¶ 8, Ex. C.)  Hixon was found guilty of the

7 RVR. (Medina Decl. ¶ 8, Ex. C.)

8    The appeal bearing institutional log number SVSP-D-07-05091 was not exhausted at the

9 Director's level. (Grannis Decl. ¶ 10.)   More specifically, on November 27, 2007, Hixon

10 submitted a CDC 602 appeal, bearing institutional log number SVSP-D-07-05091, as a staff

11 complaint against the Defendant. (Medina Decl. ¶ 6.)  At the first level of review, the appeal was

12 partially granted. (Medina Decl. ¶ 6.)  The appeal was not submitted by Hixon at the second

13 level of review. (Id. ¶ 7.)  Hixon then filed a Complaint regarding the November 11, 2007,

14 incident with Defendant. (Complaint, Docket No. 1, dated Dec. 3, 2007.)  On December 5, 2007,

15 the appeal was received at the Inmate Appeals Branch for review at the Director's level.

16 (Grannis Decl. ¶ 10.)  On January 18, 2008, the appeal was screened out because it was not

17 completed through the second level of review prior to submission to the Director's level of

18 review. (Id. ¶ 10.)

19                                **ARGUMENT**

20 **I.     THE PRISON LITIGATION REFORM ACT'S EXHAUSTION REQUIREMENT
         REQUIRES DISMISSAL OF UNEXHAUSTED CLAIMS.**

21

22 **A.     LEGAL STANDARD**

23    The PLRA requires that inmates exhaust their available administrative remedies before

24 filing civil rights actions in federal courts.  42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516,

25 524 (2002); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Therefore,

26 "[c]ompliance with prison grievance procedures . . . is all that is required by the PLRA to

27 "properly exhaust." *Woodford v. Ngo*, 126 S. Ct. 2378, 2384 (2006).  The Supreme Court also

28 affirmed that a prisoner must properly proceed through each stage of the administrative process,

Defendant's Not. of Mot. and Mot. to Dismiss and Mot. for Qualified Immunity          *Hixon v. Cruzen*
                                                                                      C 07-6078 WHA

1    to obtain a final Director's level of review in order to bring a federal lawsuit. *Id.* at 2387.

2       When an inmate-plaintiff fails to exhaust, a defendant may file a non-enumerated Rule

3    12(b) motion to dismiss. *Wyatt*, 315 F.3d at 1119-20 (9th Cir. 2003). In ruling on such a motion,

4    a court may look beyond the pleading to decide disputed issues of fact. *Id.* The proper

5    disposition for failure to exhaust is dismissal without prejudice. *Id.* at 1120.

6    **B.**    **CALIFORNIA'S INMATE APPEALS PROCESS**

7       The grievance process in the State of California allows inmates in California prisons to

8    appeal "any departmental decision, action, condition, or policy which they can demonstrate as

9    having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1. To exhaust this

10    process, before proceeding to federal court, an inmate must proceed four levels of appeal: (1)

11    informal level; (2) first formal level; (3) second formal level; and (4) third formal level, also

12    known as the Director's level review. *Id.* § 3084.5. A decision at the third formal level, or

13    Director's level of review, is final and constitutes exhaustion of available administrative

14    remedies. *Id.* §§ 3084.1(a), 3084.5(e)(2).

15       To initiate the inmate appeal process, inmates must use a form CDC 602 (Form) to

16    describe the problem complained of and the action requested. (Cal. Code Regs. tit. 15, § 3084.2;

17    *See* Grannis Decl. ¶ 2.) The inmate must submit the Form to the Appeals Coordinator within

18    fifteen working days (three weeks) of the action taken. *Id.* § 3084.6(c). The informal level of

19    review is bypassed for allegations of improper staff conduct. *Id.* §§ 3084.5(b).

20    **C.**    **THIS ACTION MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO**
         **EXHAUST ADMINISTRATIVE REMEDIES.**

21

22       On November 11, 2007, Hixon approached Defendant and insisted upon having

23    a shower. Defendant allegedly denied the shower, cuffed him and stated that Hixon made threats

24    towards him. (Complaint, Docket No.1, dated Dec. 3, 2007, 3.) On November 11, 2007,

25    Defendant wrote a Rules Violation Report (RVR), A07-11-0045, against Hixon for threats on

26    staff. (Medina Decl. ¶ 8, Ex. C.) Hixon was found guilty of the RVR. (Medina Decl. ¶ 8, Ex. C.)

27       A review of the evidence shows that the inmate appeal for this incident was not

28    exhausted. More specifically, on November 27, 2007, Hixon submitted a CDC 602 appeal,

Defendant's Not. of Mot. and Mot. to Dismiss and Mot. for Qualified Immunity        *Hixon v. Cruzen*
                                                    C 07-6078 WHA

1  bearing institutional log number SVSP-D-07-05091, as a staff complaint against the Defendant.

2  (Medina Decl. ¶ 6.)  At the first level of review, was partially granted.  (Id. ¶ 6.)  The appeal

3  bearing institutional log number SVSP-D-07-05091 was not re-submitted by Hixon at the second

4  level of review. (Id. ¶ 7.)  On December 5, 2007, the appeal was received at the Inmate Appeals

5  Branch. (Grannis Decl. ¶ 10.)  On January 18, 2008, the appeal was screened out because it was

6  not completed through the second level of review before it was submitted to the Director's level

7  of review. (Id. ¶ 10.)

8      Additionally, by Plaintiff's own admission, he failed to exhaust his administrative

9  remedies regarding these claims to the requisite third level of review.  (Complaint, Docket No. 1,

10  dated Dec. 3, 2007, 2D.)

11      On December 3, 2007, Hixon filed the Complaint regarding the November 11, 2007,

12  incident with Defendant.  (Complaint, Docket No. 1, dated Dec. 3, 2007.)  But, he had not

13  received any response from the Inmate Appeal Branch.  (Grannis Decl. ¶ 10.)  Exhaustion is an

14  indispensable condition precedent to initiating an action in federal court. *McKinney v. Carey*,

15  311 F.3d 1198, 1199 (9th Cir. 2002).

16      Since Plaintiff failed to exhaust his administrative remedies through the requisite third

17  level of review, the complaint should be dismissed under *Woodford v. Ngo*, 126 S. Ct. 2378,

18  2384 (2006).

19  **II.  PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF BECAUSE HE CAN**
       **NOT SATISFY ALL THE RETALIATION ELEMENTS AGAINST THE**

20         **THE DEFENDANT.**

21      Plaintiff's sole basis for relief is that Defendant allegedly retaliated against him by

22  cuffing him, threatening him, and filing a false Rules Violation Report against him because

23  Plaintiff insisted upon having a shower. (Complaint, Docket No.1, dated Dec. 3, 2007, 3.)

24      The Ninth Circuit holds that "a viable claim of First Amendment retaliation entails five

25  basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2)

26  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

27  exercise of his First Amendment rights, and (5) the action did not reasonably advance a

28  legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005); *Rizzo v.*

1    *Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) (plaintiff must "allege that the prison authorities'

2    retaliatory action did not advance the legitimate goals of the correctional institution or was not

3    narrowly tailored enough to achieve such goals.").

4       Defendant's actions were in furtherance of legitimate penological goals such as

5    preserving institutional order and discipline and did not violate Plaintiff's First Amendment

6    Rights.  As stated in Plaintiff's Complaint, Hixon admits that he was cuffed because Defendant

7    believed he made threats against him. (Complaint, Docket No.1, dated Dec. 3, 2007, 3.)

8    Defendant than wrote a RVR against Hixon for threats upon staff and Hixon was later found

9    guilty of the RVR.  (Medina Decl. ¶ 8, Ex. C.)  Accordingly, Plaintiff's claim that Defendant

10   retaliated against him should be dismissed because he can't show that Defendant's actions were

11   anything but a preservation of the institutional order and discipline at Salinas Valley State Prison.

12   As such, Hixon fails to state facts that support a cognizable claim for relief under 42 U.S.C. §

13   1983.

14   **III.  DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY.**

15      "(G)overnment officials performing discretionary functions . . . are shielded from liability

16   for civil damages insofar as their conduct does not violate clearly established statutory or

17   constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*,

18   457 U.S. 800, 818 (1982).  The Supreme Court has clarified that, in applying this standard, the

19   threshold inquiry is whether the facts alleged show a violation of a constitutional right. *Saucier*

20   *v. Katz*, 121 S.Ct. 2151, 2156 (2001).  If the answer is no, there is no necessity for further inquiry

21   and qualified immunity is established.  *Id.*  On the other hand, if the answer is yes, the court must

22   further determine whether the contours of that right were sufficiently clear to put defendant on

23   notice that his conduct under the circumstances was unlawful.  *Id.*  If the right was not clearly

24   established, defendant is entitled to qualified immunity.  *Id.* at 2156-57.  Therefore, a prison

25   official who acts under an objectively reasonable, albeit mistaken, belief that his actions were

26   lawful is entitled to the protection of qualified immunity. *Hunter v. Bryant*, 502 U.S. 224, 227

27   (1991).

28      As shown above, Plaintiff has failed to allege facts which show a violation of a

Defendant's Not. of Mot. and Mot. to Dismiss and Mot. for Qualified Immunity    *Hixon v. Cruzen*
C 07-6078 WHA

1    constitutional right by Defendant.  Consequently, under *Saucier*'s first prong, Defendant is

2    entitled to qualified immunity on Plaintiff's claims under § 1983.

3          Defendant also acted reasonably when initiating the Rules Violation Report.  He believed

4    Plaintiff made threats against him and Plaintiff was later found guilty of the Rules Violation.

5    (Medina Decl. ¶ 8, Ex. C.)  Defendant's actions were lawful and furthered the goal of preserving

6    discipline within Salinas Valley State Prison, and he acted reasonably in the situation.  Even if

7    Defendant's belief regarding the Rules Violation was mistaken, he is entitled to the protection of

8    qualified immunity.  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

9                                        **CONCLUSION**

10          Defendant respectfully requests that the court dismiss this action since Plaintiff failed to

11    exhaust his available administrative remedies through the requisite third level.  Additionally,

12    Plaintiff fails to state a claim for relief against Defendant and Defendant is entitled to qualified

13    immunity.

14          May 6, 2008

15

16                              Respectfully submitted,

17                              EDMUND G. BROWN JR.
                                Attorney General of the State of California

18                              DAVID S. CHANEY
                                Chief Assistant Attorney General

19                              FRANCES T. GRUNDER
                                Senior Assistant Attorney General

20                              MICHAEL W. JORGENSON
                                Supervising Deputy Attorney General

21

22

23

24                              CYNTHIA C. FRITZ
                                Deputy Attorney General

25                              Attorneys for Defendant Cruzen

26

27    motiontodimiss.wpd
      SF2008400418

28

Defendant's Not. of Mot. and Mot. to Dismiss and Mot. for Qualified Immunity          *Hixon v. Cruzen*
                                                                                      C 07-6078 WHA