EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
CYNTHIA C. FRITZ, State Bar No. 200147
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5793
  Fax: (415) 703-5843
  Email: Cynthia.Fritz@doj.ca.gov

Attorneys for Defendant J. Cruzen

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRADLEY M. HIXON,<br><br>                          Plaintiff,<br><br>v.<br><br>Correctional Officer J. CRUZEN,<br><br>                          Defendant. | C 07-6078 WHA<br><br>**DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

I, N. GRANNIS, declare as follows:

1. I am employed by the California Department of Corrections and Rehabilitation (CDCR) as the Chief of the Inmate Appeals Branch. As part of my duties, I am an authorized custodian of records of the Inmate Appeals Branch. I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify. I submit this declaration in support of Defendant's Motion to Dismiss.

2. I am familiar with the sections of Title 15 of the California Code of Regulations that govern an inmate appeal. Section 3084.5 describes the levels of appeal that are available to an inmate. Section 3084.5(e)(2) provides that "[t]hird level review constitutes the director's

Decl. of N. Grannis in Support Mot. Dismiss                                                 *Hixon v. Cruzen*
                                                                                                 C 07-6078 WHA

decision on an appeal, and shall be conducted by a designated representative of the Director under supervision of the chief, inmate appeals." Form CDC 602 is used by an inmate when the inmate files an administrative appeal. The Form CDC 602 informs the inmates of how to proceed "if dissatisfied" with a particular level of decision.

3.  The director's decision exhausts the administrative remedy available to an inmate within the CDCR. The director's decision also advises an inmate that the decision constitutes the exhaustion of administrative remedies available to the inmate within the CDCR.

4.  The Inmate Appeals Branch keeps an electronic record of each inmate appeal that has proceeded through the final level of review, the Director's Level, also referred to as the third level. When an appeal is received by the Inmate Appeals Branch and is accepted for review, it will be given an appeal number and will be logged into the system. The system was commenced in 1993. The following information is kept in the electronic record: appeal log number, the category (nature/subject) of the appeal, institutional log number, inmates' name and CDC number, institution where the appeal arose, the date that the appeal is received and closed, and the final disposition of the appeal.

5.  Inmate-appeal records are made at or near the time that the inmate grievances are investigated and decided, and they are made by a person with knowledge of the matters addressed, or according to information provided by a person with knowledge of those matters. These appeal records are made and kept in the course of regularly conducted activity, as a regular practice.

6.  The Inmate Appeals Branch does not keep copies of appeals that have been screened out. These appeals are returned to the inmate with a letter that explains the reason for the screen out and instructs the inmate what to do if the inmate disagrees with the lower-level disposition of the appeal. The Inmate Appeals Branch does, however, keep the following information in the electronic record for screen outs: IAB log number; category (nature/subject) of the appeal; institutional log number of the appeal (if available); inmate name and CDCR number; institution where the appeal arose; date that the appeal is received; date the appeal is screened out; and the reason for the screen out.

Bradley Hixon, with CDCR number T78115. Attached as exhibit A is a true and correct copy of the Inmate Appeals Branch computer printout report of each inmate appeal that was submitted by inmate Hixon that was accepted for review or screened out at the Director's Level.

8. Attached as Exhibit A is a true and correct copy of the list of the appeals that were submitted by inmate Hixon that were accepted and considered for review at the Director's level from 1995 through February 2008 or which were screened out from 2000 through February 2008.

9. Attached as Exhibit B is a true and correct copy of a 602 CDC appeal, bearing institutional log number SVSP-D-07-05410, submitted on November 27, 2007, appealing the Rules Violation Report initiated by Defendant against Hixon. Hixon requested in his appeal that the Rules Violation Report for threats on staff stand, but requested a reduction to a lower specified act. The Director's Level denied his appeal for institutional log number SVSP-D-07-05410. Institutional log number SVSP-D-07-05410 is not the appeal at issue in this matter.

10. Exhibit A, far right column, shows that LAB appeal 0716890, which is the appeal bearing institutional log number SVSP-C-07-05091, the appeal at issue in this matter. It was received on December 5, 2008 and was screened out on January 18, 2008, because it was not completed through the second level of appeal before it was submitted for review at the Director's Level. Therefore, appeal SVSP-C-07-05091 was not exhausted at the Director's Level.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Sacramento, California, on May 7, 2008.

N. Grannis
Chief, Inmate Appeals Branch

# EXHIBIT A

Inmate Appeals Branch                                                                                                          02/05/2008

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
Inmate / Parolee Appeals Tracking System - Level III

Appellant Appeal History

CDCR Number: T78115

Sorted By: CDCR Number

| CDCR Number | Appellant Name | Location | Arrival Date | Alerts (Type, Start, End) | Special Needs |
|---|---|---|---|---|---|
| T78115 | HIXON, BRADLEY | SVSP | 11/21/2006 | | |

**Accepted Appeals**

| IAB Number | Issue | Issue Subcategory | Accepted Date | Inst. Log Number | Due Date | Closed Date | Disposition |
|---|---|---|---|---|---|---|---|
| 0601697 | MEDICAL | Prior to subcategory | 08/10/2006 | MCSP-06-00655 | 11/06/2006 | 11/02/2006 | DENIED |
| 0713134 (Group) | PROGRAM | Other | 11/02/2007 | SVSP-07-03411 | 02/01/2008 | 01/18/2008 | DENIED |

**Screen Outs**

| IAB Number | Issue | Issue Subcategory | Received Date | Inst. Log Number | Screened Out | Response Due | Reason |
|---|---|---|---|---|---|---|---|
| 0711360 | MEDICAL | | 10/16/2007 | SVSP-07-03799 | 11/25/2007 | | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 0716890 | STAFF COMPLAINTS | | 12/05/2007 | | 01/17/2008 | | |
| 5002537 | OTHER | Prior to subcategory | 03/04/2005 | | 03/04/2005 | | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 5003524 | CUSTODY/CLASS | Prior to subcategory | 03/21/2005 | SQ-05-0195 | 03/21/2005 | | MISSING DOCUMENTATION |
| 5021861 | OTHER | Prior to subcategory | 05/09/2006 | | 05/09/2006 | | BEST ADDRESSED BY FILING CDC FORM 602 |
| 5026550 | OTHER | Prior to subcategory | 08/23/2006 | | 08/23/2006 | | MUST BE COMPLETED THROUGH 2ND LEVEL |

Page: 1

# EXHIBIT B

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: APR 2 2 2008

In re: Bradley Hixon, T78115
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0720872          Local Log No.: SVSP-07-05410

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner L. Warren, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I  APPELLANT'S ARGUMENT: The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #A07-11-0045, dated November 11, 2007, for Threat on Staff. It is the appellant's position that the RVR should stand, but he is requesting that the specific act be modified and reduced to a lower specific act. The appellant states that this RVR was classified as a Division "E" offense, but the California Code of Regulations, Title 15, Section (CCR) classifies "Threat on Staff" as a Division "B" offense. The appellant further states that the body of the RVR does not support the charge of Threat on Staff. He states that the charge of Threat on Staff reflects poorly on him. He admits that he was complaining loudly and dramatizing as he was looking at Correctional Officer (CO) Cruzen, but he denies that he was threatening this officer. He is requesting that the specific charge be modified.

II  SECOND LEVEL'S DECISION: The reviewer found no compelling evidence to warrant a modification of the charge or the division. The specific act was Threat on Staff, classified as a Division "E" offense. The Senior Hearing Officer (SHO) found there was a preponderance of evidence based on the reporting employee's report (CO Cruzen) that the appellant became agitated about not getting his shower and stated while looking directly at him, "If I am not going to get to shower, then I am going to swing on somebody. It isn't a threat either." The reporting employee states that he felt threatened and believed the appellant intended to carry out his threat. The reviewer found that the appellant did not present compelling evidence to dispute the evidence that he made a threatening statement directed toward Officer Cruzen. The reviewer also found that this specific act may be classified as a Division "E" offense pursuant to CCR 3323(g)(8) which includes the commission of any misdemeanor offense not listed in CCR 3323 and not specified as an administrative charge pursuant to CCR 3314.

III  DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.  FINDINGS: The Director's Level of Review (DLR) reviewed the appellant's issues and reaffirms the institution's investigation and conclusions. The appellant has failed to present compelling evidence to modify the charge. The SHO explained in the RVR the evidence relied on and his rationale for arriving at the guilty finding. The appellant has failed to establish that he did not state to Officer Cruzen while in an agitated state, "If I am not going to get to shower, then I am going to swing on somebody. It isn't a threat either." The appellant is advised that the charge of "Threat to Staff" can be classified as high as a Division "B" offense pursuant to CCR 3323(d) based on the circumstances of the incident. However, the reviewer determined, and the DLR concurs, based on the circumstances and the content of the threat in this case, that the offense was appropriately categorized as a Division "E" offense.

B.  BASIS FOR THE DECISION:
CCR: 3005, 3315, 3316, 3317, 3318, 3320, 3323
CDC Operations Manual Section: 54100.22.3.1

C.  ORDER: No changes or modifications are required by the Institution.

BRADLEY HIXON, T78115
CASE NO. 0720872
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:  Warden, SVSP
     Appeals Coordinator, SVSP

BRADLEY HIXON, T78115
CASE NO. 0720872

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:    January 2, 2008

To:      Inmate HIXON, T-78115
         Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-07-05410

### ISSUE:

The appellant is submitting this appeal relative to a CDC Form 115, Rules Violation Report (RVR), Log #A07-11-0045, dated November 11, 2007 for "Threat on Staff".

The appellant states there is not a preponderance of evidence to support a finding of guilt.

The appellant requests that the RVR be reduced.

### REGULATIONS:

CCR Title 15 §3315 Serious Rule Violations
CCR Title 15 §3318 Assistance to Inmates for Serious Rule Violations
CCR Title 15 §3320 Hearing Procedures and Time Limitations
CCR Title 15 §3323 Disciplinary Credit Forfeiture Schedule

### SUMMARY OF INVESTIGATION:

The First Level of Review was bypassed per CCR 3084.5(b). Eloy Medina, Appeals Coordinator, was assigned to investigate this appeal at the Second Level of Review. The appellant was interviewed on January 2, 2008 by Eloy Medina.

In accordance with the CCR §3084.5 (h) Disciplinary Appeals; the RVR and supporting documentation is reviewed for procedural or due process requirements. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

A review of the RVR indicates that appellant was charged with CCR 3005(c), for the specific act of "Threat on Staff". The charge was classified as a Division "E" offense.

Inmate HIXON, T-78115
Appeal Log Number-SVSP-D-07-05410
Page 2 of 3

The discovery date of the RVR was 11/11/07. The appellant received his copy of the RVR on 11/22/07, which was within fifteen (15) days of the discovery. The appellant was provided with his copy of the entire RVR. The hearing was conducted on 12/4/07, which was within thirty (30) days of issuance of the RVR. The SHO determined a guilty finding, and assessed sixty (60) days credit loss commensurate with a Division "E" offense.

The RVR was not referred to the Monterey County District Attorney's (DA) office for possible prosecution.

The RVR reflects that the appellant pled "not guilty" to the charges.

A Staff Assistant was waived by the appellant. The SHO documented that the appellant was able to express his understanding of the charges/process/options/instructions to the SHO's satisfaction. The appellant also read the RVR aloud.

The appellant waived assignment of an Investigative Employee (IE).

The appellant requested no witnesses or evidence prior to or during the hearing.

The appellant states the charge should be reduced.

The specific act was listed as "Threat on Staff". The SHO was able to document a preponderance of evidence to support a finding of guilt for the charged offense.

The RVR was classified as a Division "E" offense in accordance with CCR, Title 15 §3323(g)(8); commission of any misdemeanor offense not listed in this schedule and not specified as administrative in section 3314. Therefore, the classification of the RVR as a Division "E" offense was appropriate.

During interview with the Second Level Reviewer, the appellant stated that he (Hixon) was not talking to the Reporting Employee (Officer Cruzen) during the incident. The appellant stated that the appellant was talking to Officer Noguera and Officer Cruzen overheard the conversation and misinterpreted statements made by the appellant as a threat to Officer Cruzen. The appellant stated Correctional Officer S. Noguera could exonerate the appellant.

On January 2, 2008, the Second Level Reviewer contacted Officer Noguera. Officer Noguera stated he remembered the incident. Officer Noguera stated that the appellant did make the statements noted in the RVR. Officer Noguera stated the appellant was looking directly at Officer Cruzen when the appellant made the statements. Officer Noguera interpreted the appellant's statements and body language during the incident as a threat to Officer Cruzen.

Therefore, this review did not identify any due process/procedural violations.

Inmate HIXON, T-78115
Appeal Log Number-SVSP-D-07-05410
Page 3 of 3

DECISION: The appeal is DENIED.

The appellant is advised that this issue may be submitted for a Director's Level of Review, if desired.

G.A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

**115 RVR Appeal**

STATE OF CALIFORNIA                                           DEPARTMENT OF CORRECTIONS

INMATE/PAROLEE
APPEAL FORM                Location: ~~SVSP D~~    Log No. 07-0840    Category: (1)
CDC 602 (12/87)                                                        CDW/MOHS 2nd

You may appeal any policy, action or decision which has significant adverse effect upon you. With the exception of Serious 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeal Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.    DUE    A07-11-0045

NAME: Hixon    NUMBER: T78115    ASSIGNMENT: ___    UNIT/ROOM NUMBER: D2-116

A. Describe Problem: I recieved a RVR 115 Log# A07-11-0045 indicated rule # CCR § 3005(c) specific Act was written as A threat on staff, now according to the CCR tittle 15 section 3323(D)(3) a threat on staff is a Division B offense but according to my RVR I was written up as a division (E) offence CCR § 3005(c) the body & evidence doesn't support a threat on staff neither does the "threat on staff" substantiate the body of my RVR & the reason I'm asking that this to be lowered from a threat on staff based on that would reflect on me poorly later down the line in prison I didn't threat a staff member at all.

If you need more space, attach an additional sheet.    REC'D DEC 18 2007

A. Action requested: I would keep the 115 RVR but I'm asking that the specific Act be corrected and reduced to a lower specific act that would support my 115 RVR please.

That's all —

Inmate/Parolee Signature: B. Hixon    Date Submitted: 12-18-07

B. INFORMAL LEVEL (Date Received _____ )
Staff Response:

**BYPASS**

RECEIVED JAN 24 2008 INMATE APPEALS BRANCH

Staff Signature: _____    Date Returned to Inmate: _____

C. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim    CDC Appeal Number:

First Level: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____  Due Date: _____

Interviewed by: _____

~~BYPASS~~

Staff Signature: _____  Title: _____  Date Completed: _____
Division Head Approved: _____
Signature: _____  Title: _____  Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 of days of receipt of response.

~~BYPASS~~

Signature: _____  Date Submitted: _____

Second Level: ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 12-31-07  Due Date: 2-4-08
☒ See Attached Letter
Signature: _____  Date Completed: 1/2/08
Warden/Superintendent Signature: _____  Date Returned to Inmate: 1-7-08

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

I'm dissatisfied with my decision of the response due to in my RVR it doesn't state that I made a threating statement towards C/O Cruzen. just because I was at the front park while talker to both c/o's don't mean I directed the statement at Cruzen just because I happend to look at his reaction while I was talking I'm not denying the statement but it wasn't a threat to C/O Cruzen continue on yellow page.

Signature: Bradly Rix  Date Submitted: 1-21-08

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____  APR 2 9 2008
☐ See Attached Letter
Date: _____

602 cont.) Director level review part II

of honesty who testified about one of the two 115's, the building and of the time Ougen who already had been an earlier incident and by me complaining about my shoes all loud and chattering chair is factual with one he just decided to pick me up and put a lot of exbw acted on to my 115 RVR that is one of the reasons why I filed a 1983 and 602 on this about Ougen based on his unprofessional behavior and his lies about me. Please consider my complaint of my 115 appeal to be aware of a different charge please

thank you very much
B. Hixon T-15