1  EDMUND G. BROWN JR.
Attorney General of the State of California
2  DAVID S. CHANEY
Chief Assistant Attorney General
3  FRANCES T. GRUNDER
Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
Supervising Deputy Attorney General
5  CYNTHIA C. FRITZ, State Bar No. 200147
Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7    Telephone: (415) 703-5793
Fax: (415) 703-5843
8    Email: Cynthia.Fritz@doj.ca.gov

9  Attorneys for Defendant J. Cruzen

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

| | |
|---|---|
| **BRADLEY M. HIXON,** | C 07-6078 WHA |
| Plaintiff, | **DECLARATION OF E. MEDINA IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| **Correctional Officer J. CRUZEN,** | |
| Defendant. | |

20        I, E. MEDINA, declare as follows:

21        1.    I am employed by the California Department of Corrections and Rehabilitation

22  (CDCR) as an Inmate Appeals Coordinator at Salinas Valley State Prison (Salinas Valley).  My

23  job duties include processing inmate appeals (Form CDC 602), assigning appeals to the

24  appropriate staff, and monitoring and maintaining the computer database in the Salinas Valley

25  Inmate Appeals Office.  I am competent to testify to the matters set forth in this declaration, and

26  if called up to do so, I would and could so testify.  I submit this declaration in support of

27  Defendant's Motion to Dismiss.

28        2.    Form CDC 602 appeals that meet the criteria for review under the California Code of

Decl. of E. Medina in Support Mot. to Dismiss                              *Hixon v. Cruzen*
                                                                          C 07-6078 WHA

1   Regulations, and have been submitted for review, are recorded in the Inmate Appeals Office

2   computer database. The recording is made at or near the time the inmate appeal is received by

3   me or another employee with personal knowledge of the appeal process. The database is kept in

4   the course of regularly conducted business activity and every effort is made to maintain the

5   accuracy and integrity of each record maintained.

6       3.    The regular custom and practice of the Inmate Appeals Office at Salinas Valley is to

7   assign an institutional log number to the Form CDC 602 appeal and record the log number in the

8   Inmate Appeals Office computer database. The log number recording is made at or near the time

9   the inmate appeal is received by me or another employee with personal knowledge of the appeal

10  process.

11      4.    I have searched the Salinas Valley Inmate Appeals Office's computer database for all

12  records of appeals filed by inmate Bradley Hixon, CDCR number T-78115.

13      5.    Attached as Exhibit A is a true and correct copy of the computer printout from Salinas

14  Valley's Inmate Appeals Office showing Inmate Hixon's appeals history through February 2008.

15  The inmate appeals are tracked by the status reports in Exhibit A.

16      6.    Attached as Exhibit B is a true and correct copy of inmate appeal institutional log

17  number SVSP-D-07-05091. This appeal was received by the inmate appeals office on November

18  27, 2008 as a staff complaint. Any CDC 602 form submitted as a staff complaint bypasses the

19  informal level of review under Cal. Code Regs. Titl. 15, § 3084.5(g). At the first level of review,

20  the appeal bearing institutional log number SVSP-D-07-05091 was partially granted.

21      7.  The appeal bearing institutional log number SVSP-D-07-05091 was not submitted by

22  Hixon at the second level of review.

23      8.  Attached as Exhibit C is a true and correct copy of the Rules Violation Report, A07-11-

24  0045, dated November 11, 2007, against Hixon for threats on staff. Hixon was found guilty of

25  the Rules Violation.

26  //

27  //

28  //

1        I declare under penalty of perjury that the foregoing is true and correct. Executed at

2   Soledad, California, on _MAy 6_ , 2008.

3

4                             E. MEDINA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of E. Medina in Support Mot. to Dismiss                  *Hixon v. Cruzen*
                                                              C 07-6078 WHA

# EXHIBIT A

Salinas Valley State Prison                                                                                          02/07/2008

## CALIFORNIA DEPARTMENT OF CORRECTIONS
### Inmate/Parolee Appeals Tracking System - Level I & II

**Appeal Listing**

Sorted By: CDC Number

| CDC Number | Appellant Name | Area Of Origin | Issue | Log Number | Group Appeal |
|---|---|---|---|---|---|
| T78115 | HIXON, B | FAC. A 3 | STAFF COMPLAINTS | SVSP-A-07-01237 | |
| Level I Review: | Received: 03/12/2007 | Due: 04/23/2007 | Completed: 04/27/2007 | Disposition: GRANTED IN PART | |
| T78115 | HIXON, B | FAC. A 3 | MEDICAL | SVSP-A- | |
| T78115 | HIXON, B | FAC. A 3 | PROGRAM | SVSP-A- | |
| T78115 | HIXON, B | FAC. A 3 | PROGRAM | SVSP-A-07-01633 | |
| Level I Review: | Received: 04/11/2007 | Due: 05/23/2007 | Completed: 04/27/2007 | Disposition: WITHDRAWN | |
| T78115 | HIXON, B | FAC. A 4 | CUSTODY/CLASS. | SVSP-A- | |
| T78115 | HIXON, B | FAC. A 3 | LEGAL | SVSP-A- | |
| T78115 | HIXON, B | FAC. A 3 | MEDICAL | SVSP-A-07-03799 | |
| Level I Review: | Received: 08/23/2007 | Due: 10/05/2007 | Completed: 10/05/2007 | Disposition: GRANTED IN PART | |
| T78115 | HIXON, B | FAC. D 8 | STAFF COMPLAINTS | SVSP-D-07-05091 | |
| Level I Review: | Received: 11/27/2007 | Due: 01/10/2008 | Completed: 01/22/2008 | Disposition: GRANTED IN PART | |
| T78115 | HIXON, B | FAC. D 8 | PROPERTY | SVSP-D-07-05095 | |
| Level II Review: | Received: 11/27/2007 | Due: 12/04/2007 | Completed: 12/05/2007 | Disposition: GRANTED IN PART | |
| T78115 | HIXON, B | FAC. D 2 | DISCIPLINARY | SVSP-D-07-05410 | |
| Level II Review: | Received: 12/19/2007 | Due: 02/04/2008 | Completed: 01/08/2008 | Disposition: DENIED | |
| T78115 | HIXON, B | FAC. D 8 | LEGAL | SVSP-D- | |

Total: 11

# EXHIBIT B

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.              Category
1. _____    1. _____
2. _____    2. _____

You may appeal any policy, action or decision which has significant adverse affect upon you. With the exception of Serious 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeal Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| HIXON | T78115 | N/A | D8-131 |

A. Describe Problem: 3391 (A) on 11/11/07 c/o J Cruzen made some discriminating comments towards me. By calling me a "faggot ass bitch". He also stated to me that he will make sure that I go to Ad-seg w/ a 115 so I can't go back to his building (2) he said to me that he was going to do false documentation on me with Sgt Metcalfe so that I can't go back to a yard cause they don't like homosexuals on that yard and that why their trying to get rid of all of us cause were nasty and worthless. This is the 3rd 602 I send out but the other two didn't take it. c/o J Cruzen has made different threats towards me since I been located in his unit which is building

If you need more space, attach one additional sheet.

A. Action requested: (1) for me J Cruzen to be reprimanded on situations like this (3) for this to be brought to justice (3) To not use reprisal against me (4) for to see a doctor for my stress and duress (5) for this to be placed into his file (6) for to be transferred out the institution due to c/o J Cruzens threats towards me (7) and to have a restraining order against him Asap

Inmate/Parolee Signature: B Hixon         Date Submitted: 11/15/07

B. INFORMAL LEVEL (Date Received _____)
Staff Response:

Staff Signature: _____  Date Returned to Inmate: _____

C. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigators Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____  Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control Form BC-1E, Inmate Claim

CDC Appeal Number: _____

cc: I/M Hixon T78115    Internal Affairs
warden Evans SVSP

Exhibit B

# EXHIBIT C

804 co Records:    Date:

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

EPRD

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| T-78115 | HIXON | | 09/21/2019 | SVSP | A2-112L | A07-11-0045 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR S3005(c) | Threat On Staff | Fac. "A" Bldg. #2 | 11/11/07 | 1435 |

CIRCUMSTANCES

On 11/11/07, while I was assigned as Facility A-2 Floor Officer #1, I was approached by Inmate HIXON (T-78115, A2112L), who began questioning the Medical Shower Program for Inmates with Medical Shower Chronos issued to them by medical. I reminded Inmate HIXON that the Yard/Tier Rotation for today (11/11/07), had been his day for Day Room therefore; he had been allowed the opportunity to shower and had elected to play cards instead of taking his shower. Inmate HIXON said, "If I am not going to get shower then I am going to swing on somebody. It isn't a threat either." Due to Inmate HIXON staring straight at me when he made the above statement and in an apparent agitated mental state which was reflected in his (Inmate HIXON), elevated tone of voice, and clenching of his fists, he was placed into Mechanical Restraints (handcuff) and escorted to the Facility Health Services Annex and placed into a Temporary Holding Cell. Inmate HIXON'S actions left me concerned with his threat and I felt he intended to carry out his statement.    I am requesting Inmate HIXON be placed into Administrative Segregation, considered for transfer to an Alternate Level IV Sensitive Needs Yard (SNY) where he won't be on a Facility where I am assigned on a daily basis.  This would remove the possibility of Inmate HIXON being provided the opportunity to carry out his threat.

Inmate HIXON is a participant in the Mental Health Services Delivery System, at the CCCMS level of care.    Inmate HIXON is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ J. Cruzen, Correctional Officer | | 11-20-07 | A-2 Floor Officer #1 | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|---|
| ▶ D. Galloway, Sgt. | | 11-20-07 | DATE | | LOC |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | E | 11-2-07 | ▶ J Krenke | | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |
| ☒ SERIOUS | | | | | |

## COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| A07-11-0045 | ▶ V. Kye | 11/22/0 | 910 | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

HEARING

**Plea:** Not Guilty.

**Findings:** Inmate HIXON was found Guilty of CCR S3005(c), specifically "Threat On Staff" a Division "E" offense.  This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge.  The evidence presented at the hearing included: (SEE CDC 115-C)

**Disposition:** Inmate HIXON assessed 60 days forfeiture of credits in accordance with a Division "E" offense per CCR S3323.

**Additional Disposition:** Inmate HIXON was counseled, warned and reprimanded.

**Classification Referral:** Inmate HIXON is referred to ICC for program review.

REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| R.A. Kessler, Correctional Lieutenant | ▶ | 2/04/07 | 1220 |

| REVIEWED BY: (SIGNATURE) | | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| ▶ D.M. Mantel, Captain | 12/17/07 | ▶ R. Grounds, C.D.O. | | |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | | DATE | TIME |
|---|---|---|---|---|---|
| | ▶ V. Kye | | | 12/18/07 | 1600 |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                                                 DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                                                 PAGE _2_ OF_3_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-78115 | HIXON | A07-11-0045 | SVSP | 12/04/07 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☒ HEARING    ☐ IE REPORT    ☐ OTHER_____

**Hearing:** 12/04/07          **Time:** 1220 hours          **Any Postponement Explained:** None

**Inmate's Health:** Inmate HIXON stated his health was good. **MHSDS:** Inmate HIXON is a participant in the Mental Health Services Delivery System, at the Correctional Clinical Case Management System level of care. The circumstances of the RVR do not indicate that Inmate HIXON exhibited any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate HIXON did not demonstrate any strange, bizarre, or irrational behavior. Based on this and pursuant to recent changes approved by the U.S. District Court on COLEMAN, a mental health assessment was not initiated.

**Staff Assistant (SA):** Inmate HIXON'S TABE score is below 4.0. Inmate HIXON waived assignment of the Staff Assistant by placing his signature in then appropriate area of the CDCR 115-A. Inmate HIXON explained his understanding of the charges/process/options/instructions to the Senior Hearing Officer's (SHO) satisfaction. Inmate HIXON read the RVR aloud and was able to demonstrate his understanding of the RVR and the disciplinary process through discussion with the SHO.

**Investigative Employee (IE):** Inmate HIXON waived assignment of the Investigative Employee by placing his signature in the appropriate area of the CDCR 115-A. SHO read and considered the Investigative Employee Report during Inmate HIXON'S RVR hearing.

**Date of Discovery:** 11/11/07          **Initial RVR copy issued on:** 11/22/07
**Hearing started on:** 12/04/07          **Last document issued to inmate on:** 11/22/07
**D.A. postponed date:** None              **D.A. results issued date:** None

**Time Constraints:** Inmate HIXON acknowledged receipt of all reports to be used in evidence and was ready to proceed with the hearing. Copies of all reports were issued more than 24 hours prior to the hearing. The disciplinary was served on Inmate HIXON within 15 days of discovery and the hearing has been held within 30 days. All time constraints have been met.

**D.A. Referral:** None    **Evidence Requested or Used:** None    **External/Outside Evidence:** None    **Video Tape Evidence:** N/A

**Inmate Plea and Statement:** Inmate HIXON entered a plea of Not Guilty and stated, "I Inmate HIXON (T-78115) approached Facility 'A' Building #2 Floor Staff C/O J. Cruzen to ask him what's up with my daily Medical Shower, which at this time C/O Cruzen deliberately denied me my Medical Shower because he stated that I had day-room. But I tried to inform him that other Inmate's were denying me the Access of Showering due to they was holding the Showers for their Homeboys who was next in line and C/O J. Cruzen response was oh well try to get in anyway. I responded to C/O Cruzen by saying that if one of these Inmates don't allow me to shower then I'll swing on one of them due to them taken advantage of my Transgender way's. This threat was not meant nor directed toward any Staff Members. The body of he RVR 115 does not substantiate the "Prima facie" evidence as charge for threat on Staff.. This RVR should be reduced down to a lesser charge in the Interest of Justice."

**Witnesses Requested or Provided:** None    **Witness Testimony at Hearing:** None    **Confidential Information:** None

**Findings:** Inmate HIXON is found Guilty of "Threat On Staff." This finding is based upon the following preponderance of evidence:

CONTINUED SEE CDCR 115-C

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | R.A. Kessler, Correctional Lieutenant | 12/4/07 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) V. Rya | DATE SIGNED 12/18/07 | TIME SIGNED 1030 |
|---|---|---|---|

CDC 115-C (5/95)                                                                                         OSP 99 25082

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**
PAGE _3_ OF 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-78115 | HIXON | A07-11-0045 | SVSP | 12/04/07 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER____

A: The information contained in the RVR Log# A07-11-0045, authored by Correctional Officer J. Cruzen, wherein he states in part, "While I was assigned as Facility A-2 Floor Officer #1, I was approached by Inmate HIXON (T-78115, A2-112L), who began questioning the Medical Shower Program for Inmates with Medical Shower Chronos issued to them by medical. I reminded Inmate HIXON that the Yard/Tier Rotation for today (11/11/07), had been his day for Day Room therefore; he had been allowed the opportunity to shower and had elected to play cards instead of taking his shower. Inmate HIXON said, "If I am not going to get shower then I am going to swing on somebody. It isn't a threat either." Due to Inmate HIXON staring straight at me when he made the above statement and in an apparent agitated mental state which was reflected in his (Inmate HIXON, elevated tone of voice, and clenching of his fists), he was placed into Mechanical Restraints (handcuff) and escorted to the Facility Health Services Annex and placed into a Temporary Holding Cell. Inmate HIXON'S actions left me concerned with his threat and I felt he intended to carry out his statement. I am requesting Inmate HIXON be placed into Administrative Segregation, considered for transfer to an Alternate Level IV Sensitive Needs Yard (SNY) where he won't be on a Facility where I am assigned on a daily basis. This would remove the possibility of Inmate HIXON being provided the opportunity to carry out his threat.

B: Inmate HIXON pled Not Guilty during the hearing and stated; "I Inmate HIXON (T-78115) approached Facility 'A' Building #2 Floor Staff C/O J. Cruzen to ask him what's up with my daily Medical Shower, which at this time C/O Cruzen deliberately denied me my Medical Shower because he stated that I had day-room. But I tried to inform him that other Inmate's were denying me the Access of Showering due to they was holding the Showers for their Homeboys who was next in line and C/O Cruzen response was on well I try to get in anyway. I responded to C/O Cruzen by saying that if one of these Inmates don't allow me to shower then I'll swing on one of them due to the taken advantage of my Transgender way's. This threat was not meant nor directed toward any Staff Members. The body of the RVR 115 does **not** substantiate the "Prima facie" evidence as charge for threat on Staff.. This RVR should be reduced down to a lesser charge in the Interest of Justice."

**Conclusion:** A finding of guilty is based on the information in the RVR. Based on the aforementioned, SHO finds there is sufficient evidence to substantiate the charge. Therefore, Inmate HIXON is found guilty of Threat On Staff.

**Appeal Rights:** Inmate HIXON was advised of his rights to appeal and also the policy and procedure of appeal. Inmate HIXON was advised that he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer. Inmate HIXON has 15 days from receipt of his final copy to file an appeal.

R.A. Kessler, Correctional Lieutenant

| | SIGNATURE OF WRITER | DATE SIGNED 12/4/0 |
|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY (Staff's Signature) | DATE SIGNED 12-18-07 | TIME SIGNED 1000 |

CDC 115-C (5/95)
OSP 99 25082

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| T-78115 | HIXON | CCR S3005 (c) | 11/11/07 | SVSP | A07-11-0045 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☐ YES   ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ | **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ | **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | INMATE'S SIGNATURE | DATE |
| ☐ | **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED ☒ WAIVED BY INMATE | | ▶ | 11/22/07 |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED ☒ WAIVED BY INMATE | | ▶ | 11/22/07 |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | ☐ | ☐ | N/A | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE 12-18-07 |
|---|---|---|---|

CDC 115-A (7/88)          — *If additional space is required use supplemental pages* —          OSP 03 74845