EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
CYNTHIA C. FRITZ, State Bar No. 200147
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5793
  Fax: (415) 703-5843
  Email: Cynthia.Fritz@doj.ca.gov

Attorneys for Defendant J. Cruzen

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **BRADLEY M. HIXON,**<br><br>                     Plaintiff,<br><br>v.<br><br>**Correctional Officer J. CRUZEN,**<br><br>                     Defendant. | C 07-6078 WHA<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |

## INTRODUCTION

On May 9, 2008, Defendant J. Cruzen (Defendant) filed a motion to dismiss. (Docket No. 22.) In his motion, Defendant moved to dismiss Bradley M. Hixon's (Plaintiff) action under the non-enumerated portion of Rule 12(b) due to Plaintiff's failure to exhaust his administrative remedies before filing suit as required under the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e(a). On May 14, 2006, Plaintiff served an opposition to the Defendant's motion to dismiss but did not file it with the Court. (Decl. Fritz ¶ 2, Ex. A.) Defendant's reply demonstrates that Plaintiff's opposition fails to show that he exhausted his administrative remedies before filing this lawsuit on December 3, 2007.

# ARGUMENT

**A. Because Plaintiff Filed Suit Six Days after the Salinas Valley State Prison Appeals Office Received the Appeal, and Did Not Exhaust His Administrative Remedies Before Filing Suit, this Action Must Be Dismissed.**

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Exhaustion must occur before to filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

> "The bottom line is that a prisoner must pursue the prison administrative process as the first forum for redress of grievances. He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would inconsistent with the objectives of the statute to let him submit his complaint any earlier than that." *Vaden v. Summerhill*, 449 F.3d 1047 (2006).

Here, Plaintiff alleges that on November 11, 2007, Defendant falsely accused him of a rules violation, cuffed him, and threatened him, in retaliation for Plaintiff insisting upon having a shower. (Compl., Docket No. 1 at 3.) On November 27, 2007, Plaintiff submitted an inmate appeal, bearing institutional log number SVSP-D-07-05091, as a staff complaint against the Defendant. (Docket No. 24, Medina Decl. ¶ 6.) Six days later, on December 3, 2007, Plaintiff filed a complaint with the district court regarding the November 11, 2007 incident. (Docket No. 1.) Plaintiff's only explanation for his failure to exhaust his administrative remedies before filing suit, is that the appeals coordinator continually misplaced his appeal due to "Green Wall" activity. (Fritz Decl., Ex. A.) Plaintiff's evidence contradicts this statement.

Plaintiff's evidence shows that: (1) the appeal, SVSP-D-07-05091, was received on November 27, 2007 by the Salinas Valley State Prison appeals office (Fritz Decl., Ex. A); (2) on December 3, 2008, the appeal was assigned for a first level response (Fritz Decl., Ex. A); and (3) on January 8, 2008, Plaintiff's appeal was granted in part and denied in part at the first level of review. (Fritz Decl., Ex. A.) Plaintiff's evidence shows that his appeal was being processed through the administrative appeals system at the time he filed his complaint.

Plaintiff's evidence suggests that he had no intention of exhausting his administrative

Def.'s Reply to Pl.'s Opp.'n to Mot. to Dismiss

*Hixon v. Cruzen*
C 07-6078 WHA

remedies. Instead, Plaintiff bypassed the exhaustion requirement and filed suit in district court six days after submitting his appeal to the appeals coordinator at Salinas Valley State Prison. (Docket No. 1.) Although Plaintiff suggested he was inhibited from exhausting his administrative remedies, Plaintiff's own actions resulted in his failure to exhaust his administrative remedies. Bypassing the exhaustion requirement runs contrary to the policies reasons set forth in the PRLA. Thus, Defendant's motion to dismiss must be granted and the case must be dismissed without prejudice. 42 U.S.C. § 1997e(a). By Plaintiff's own admission, his failure to exhuast his administrative remedies requires dismissal without predujice. *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006).

## CONCLUSION

Because Plaintiff filed suit before exhausting his administrative remedies, this action must be dismissed.

Dated: May 28, 2008

    Respectfully submitted,

    EDMUND G. BROWN JR.
    Attorney General of the State of California

    DAVID S. CHANEY
    Chief Assistant Attorney General

    FRANCES T. GRUNDER
    Senior Assistant Attorney General

    MICHAEL W. JORGENSON
    Supervising Deputy Attorney General

    CYNTHIA C. FRITZ
    Deputy Attorney General
    Attorneys for Defendant J. Cruzen

Def.'s Reply to Pl.'s Opp.'n to Mot. to Dismiss      *Hixon v. Cruzen*
    C 07-6078 WHA