1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | MICHAEL W. JORGENSON
Supervising Deputy Attorney General
5 | CYNTHIA C. FRITZ, State Bar No. 200147
Deputy Attorney General
6 |  455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 |  Telephone: (415) 703-5793
Fax: (415) 703-5843
8 |  Email: Cynthia.Fritz@doj.ca.gov

9 | Attorneys for Defendant J. Cruzen

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **BRADLEY M. HIXON,** | C 07-6078 WHA |
| Plaintiff, | **DECLARATION OF CYNTHIA C. FRITZ IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |
| v. | |
| **Correctional Officer J. CRUZEN,** | |
| Defendant. | |

I, Cynthia C. Fritz, declare as follows:

1. I am an attorney admitted to practice before the courts of the State of California and before this Court. I am employed by the California Attorney General's Office as a Deputy Attorney General in the Correctional Law Section, and I am assigned to represent Defendant J. Cruzen in this case. I am competent to testify to the matters set forth in this Declaration, and if called upon to do so, I would and could so testify.

~2. Attached as Exhibit A is a true and correct copy of Plaintiff's Opposition to Defendant's Motion to Dismiss served on May 13, 2008.

Decl. Fritz Supp. of Reply to Opp.'n Mot. to Dismiss

*Hixon v. Cruzen*
C 07-6078 WHA

1

1      I declare under penalty of perjury that the foregoing is true and correct and that this

2  declaration was executed on May 28, 2008, in San Francisco, California.

3

4

5  CYNTHIA C. FRITZ
   Deputy Attorney General

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. Fritz Supp. of Reply to Opp.'n Mot. to Dismiss

*Hixon v. Cruzen*
C 07-6078 WHA

# EXHIBIT A

- 1

## "OBJECTION"

   Your Honor I OBJECT TO The DEFENDANT:
motion of Dismiss of failure TO Exhaust me
Remedies.

   Your Honor in Exhibits (A) I So filed my
original 602 Appeal on feb. 10, 2008 TO Mr.
Medina with an Inmate Request form due T
The fact That my 602 in Ad-Seg was coming
up missing due To This prior Green wall beh=
avior here at Salinas Valley. I also send a Extra
copy of my 602 Appeal for the second Level to
Sacramento due TO my original 602 came c
missing that letter would also be in Exhibits
(A) on feb 19, 2008 CCII Appeals coordinator
Medina send my Request Back stating that me
602 Never went Through The mail enclosed
is that supporting fact.

   In Exhibits (B) is (2) other different 602
Appeals of the same incident I send to
Sacramento and Internal Affairs which
was send Back to S.V.S.P. and was processed
as a duplicate Your Honor we Tried on many
days and Times in sending my 602 out and
It never reached its place 602 see porter
V. Nussle 534 U.S. 516 (2002) & Booth V.
churner 532 U.S. 731 (2001)

   Your Honor A prison Guard's Actions ar
an action under "Culor of State Law See
monroe V. Pape 365 U.S. 167 (1961) Cruzen
was on The Job exercising the power That
comes from his position or Authority So on

— 2

november 11, 2007 C/o Cruzen Threatened
Cuffed and Slundered Me with His Cruel wor
of Harassement and discrimination By Callin
Me a "Faggot ass Bitch" So your Honor in doing
So he violated My due process Clause & Equa
protection Clause Based on Im Suppose To Be
protected by These laws and that No prison offi
are Suppose To discriminate against me on
the Basis of My Race or any other Arbitrary
Category, Such as my Religion, NaTionality
Sex, Income, or political Beliefs.

   C/o Cruzen was Suppose To Follow any
and all Rules Set Forword in His position
as an officer of CDCR. There for your
Honor My 602 Appeal should Be Conside
Exhausted

            IT IS So ordered

                    B. Hixon
                    T=78115



# EXHIBIT
# COVER PAGE



**EXHIBIT**

**DESCRIPTION OF THIS EXHIBIT:**

**NUMBER OF PAGES TO THIS EXHIBIT:** _____ **PAGES**

**JURISDICTION: (CHECK ONLY ONE)**

☐ MUNICIPAL COURT

☐ SUPERIOR COURT

☐ APPELLATE COURT

☐ STATE SUPREME COURT

☒ UNITED STATES DISTRICT COURT

☐ STATE CIRCUIT COURT

☐ UNITED STATES SUPREME COURT

☐ GRAND JURY

State of California

# Memorandum

Date    :    January 8, 2008

To    :    Inmate Hixon, # T-78115

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # D-07-05091**

**APPEAL ISSUE:** The appellant alleges Correctional Officer J. Cruzen made discriminating comments and alleges that Correctional Officer J. Cruzen stated that he was going to falsify documents in order to prevent his return to Facility A.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒    PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐    REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (OIA).

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on January 8, 2008 by Correctional Lieutenant R. Mojica and stated there was nothing further to add to what was written in the appeal. The appellant further stated that names could not be provided of staff or inmates to corroborate the story.

☒ A Confidential Inquiry ~~will be~~ WAS conducted. There were no witness(es) questioned as the appellant failed to provide any. The following information was reviewed as a result of your allegations of staff misconduct: this appeal and its entire contents.

☐ This matter has been referred to the Office of Internal Affairs for follow-up and a possible investigation. If investigated, upon completion of that investigation you will be notified as to whether the allegations were SUSTAINED, NOT SUSTAINED, UNFOUNDED, EXONERATED or that NO FINDING was possible.. In the event that the matter is not investigated, but returned by OIA to the institution or region to conduct a Confidential Inquiry, you will be notified upon the completion of that inquiry as to whether it was determined that staff violated, or did not violate policy.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level ☐Second level:

☐ An inquiry into your allegation (has been / is being) conducted.

☐ An investigation is being conducted by the Office of Internal Affairs

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. However, you have the right to be notified if after a review of your allegations, it is determined that staff violated CDCR policy. In this case:

☐ The inquiry is not yet complete

☒ The inquiry is complete. Staff did not violate CDCR policy.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

R. Grounds, Correctional Administrator Complex I          Date

*A 4/Bado*    *k*

*RECEIVED*
*DEC 4 2007*
*AW/COMPLEX B*

# INMATE APPEAL ROUTE SLIP

**To: C/2** *12-5-07*    *DEC 11 2007*

*R/A to CA1*    *FACILITY "A" UNIT*    Date: December 3, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-D-07-05091** By Inmate **HIXON, T78115**

Please assign this appeal to appropriate staff for **FIRST** level response.

Appeal Issue: STAFF COMPLAINTS    ~~12/17/07~~ 1.10.18

Due Date: ~~01/10/2008~~

Special Needs:    *1.3.8* ~~12-12-07~~

STAFF INSTRUCTIONS: **Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted**. This policy is not within the institution's jurisdiction and cannot be waived. Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return appeal to the Appeals Office. All first level appeals require signature of the Division Head. Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.

*Pls R/A to*
*A yard staff*
*assigned to A yard*

T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

*Mojica*
*12/27/07*

SVSP INMATE APPEALS OFFICE
RECEIVED COMPLETED RESPONSE ON

JAN 10 2008

1ST LVL ☑    2ND LVL ☐

*RECEIVED*

*DEC 07 2007*
*ASSOC WARDEN*

STATE OF CALIFORNIA    1 of 3   COPIES

INMATE PAROLEE
APPEAL FORM
CDC 602 (12/87)

1. 5/SP d   1. 07-05091   7
2.                2.

You may appeal any policy, action or decision which has significant adverse affect upon you. With the exception of Serious 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeal Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.    C/O J. Cruzen

| NAME HIXON | NUMBER T-78115 | ASSIGNMENT N/A | UNIT/ROOM NUMBER DB 131 |
|---|---|---|---|

A. Discuss Problem: (A) On 11/11/07 C/O J Cruzen made some discriminating Co towards me by calling me "a faggot ass bitch" he also stated to me that he make sure that I go to Ad-Seg w/a 115 so I can't go back to this unit He to me that he was going to write false documentation on me with Sgt helping so that I can't go back to a yard cause they dont like homosexuals on that ya that is why their trying to get rid of all of us cause were Nasty B_ on th this is the 3rd 602 I send out but the other two didnt make it C/O Cru has made different threats towards me since I been located in this unit

RECD NOV 21 2007 MCA
MA

If you need more space, attach one additional sheet.

A. Action requested: ① C/O J Cruzen to be reprimanded on this situation ② for this t brought to Justice ③ to not use against me w/reprisal ④ for me to see a doctor for stress and distress ⑤ for this to be placed into his files ⑥ for me to be transfer Asep due to Cruzen threats towards ⑦ to have a restraining order against t

RECD NOV 27 2007

Inmate/Parolee Signature:  _Bradly Hixon_    Date Submitted: 11/15/0

B. INFORMAL LEVEL (Date Received ___)
Staff Response:

**BYPASS**

Staff Signature: ____    Date Returned to Inmate: ____

C. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigators Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: ____    Date Submitted: ____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control Form BC-1E, Inmate Claim

CDC Appeal Number: ____

CCi 4m Hixon T78115

MR. EVANS:

I had to Send this 602 to
Your office due to the fact that
Recently My 602 has Been come
up Missing so I had to do
it this way. please.

please help me

I wish to
Be interviewed
By only you
please. There is
So much more
I wish to
discuss
with you.

Respectfully

B Hixm
T78115
D8-131

01/11/2008  14:59    5294                SVSP D1 D2 ADSEG                PAGE  01/01
01/11/2008  14:55    831-678-5601        A PROGRAM                      PAGE  01

STATE OF CALIFORNIA                      DEPARTMENT OF CORRECTIONS AND REHABILITATION
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1868 (Rev. 10/05)

## RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign, and submit the following statement:*

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Bradley Hixon | Bradley Hixon | 1/11/08 |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE SIGNATURE | CDC NUMBER  DATE SIGNED |
| Bradley Hixon | Bradley Hixon | F78115  1/11/08 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |
| R. Mojica | R. Mojica | 1/11/08 |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

STATE OF CALIFORNIA
GA 22 12872

DEPARTMENT OF CORRECTION

# INMATE REQUEST FOR INTERVIEW

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|------|-----|------------------|------------|
| 2-10-08 | A.W | NIXON | FR 115 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | FROM | TO |
|---------|-----------|-----------------|-----------|------|-----|
| D2 | 110 | | | | |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | ASSIGNMENT HOURS | FROM | TO |
|------------------------------------------|--|------------------|------|-----|

Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

You are not meeting guide lines to my 1002 Log #
D-07-05091 and I send my Second level response to
you and my deadline is almost up your violating my
due process rights this is my 4th request ████████████
████████████████ the database does not indicate receipt of
07-5091 for second level review. Eloy Nixon

| INTERVIEWED BY | DATE 2/19/08 |
|----------------|--------------|

DISPOSITION

# EXHIBIT
# COVER PAGE 

**EXHIBIT**

**DESCRIPTION OF THIS EXHIBIT:**

**NUMBER OF PAGES TO THIS EXHIBIT:** _____ **PAGES**

**JURISDICTION: (CHECK ONLY ONE)**

☐ MUNICIPAL COURT

☐ SUPERIOR COURT

☐ APPELLATE COURT

☐ STATE SUPREME COURT

☒ UNITED STATES DISTRICT COURT

☐ STATE CIRCUIT COURT

☐ UNITED STATES SUPREME COURT

☐ GRAND JURY

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                      ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

January 17, 2008

Appeals Coordinator
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

RE:  HIXON, BRADLEY, T78115,
      IAB# 0716890        STAFF COMPLAINTS

To the SVSP Appeals Coordinator:

The Director's Level Inmate Appeals Branch needs your assistance in resolving this inmate appeal which has been screened back to you for further action.

Please respond directly to the appellant. No response to this office is necessary. This appeal appears not to have been processed within the regulatory time constraints. Please ensure that the inmate is informed as to the reason for delay in processing.

Appellant claims that he file a staff complaint appeal with your office and has never received any response. Please see the attached correspondence to verify the appeal in question. Please inform inmate as to the status of appeal.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA
INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

3 of 4
(copies)

*Staff Misconduct Complaint*

DEPARTMENT OF CORRECTIONS

Location: Institution/Parole Region
1. SVSP
2. _____

Log No.
1. _____
2. _____

Category:
7

You may appeal any policy, action or decision which has significant adverse affect upon you. With the exception of Serious 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeal Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Hixon | T78115 | | D8.131 |

A. Discuss Problem: 3391 (A) on 11/4/07 C/o J Cruzen Made Some discrimenciating Comment wards me by Calling me A "faggot Ass Bitch" He also state to me that He will Make re that I go to Ad-Seg w/a 115 So I Cant go Back To His Building (2) He said to me ot he was going to write false documentation on me with Sgt Metcalfe So that I car Back To A yard. Cause they dont like Homosexuals on that yard that's why their tryi ) get rid of all of us Cause were nasty & worthless this is the 3rd 602 I Send out B ne other two didnt Make IT. C/o J cruzen has Made different threats towards me Sin I Been located in his unit which is Building (2)

If you need more space, attach on additional sheet.

A. Action requested: ① For C/o Cruzen To Be reprimanded on This Situation ② To be Brought To yar ) NOT To use reprisal against me ④ To See a doctor about My Stress & darress ⑤ to be placed in n ile ⑥ To have a resthrinning order on Cruzen ⑦ To Be transfered ASAP onto this rison due to Cruzen's Threats Towards me.

Inmate/Parolee Signature: _____    Date Submitted: _____

B. INFORMAL LEVEL (Date Received _____)

Staff Response: _____

_____

DUPLICATE OF 5091

DELIVERED FEB 0 6 2008

Staff Signature: _____    Date Returned to Inmate: _____

C. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigators Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for procession within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control Form BC-1E, Inmate Claim

CDC Appeal Number:

NOV 27 2007

11/18/07

To whom it may concern.

My name is Bradley M. Hixon T78115
I am currently housed in salinas valley state
prism (Ad-seg) on retaliation against me
based on 602 complaint that I filed on different
staff members on A yard. We recently submitted
a 602 Appeal on 2 staff members located on
A yard. (See 602 Appeal enclosed) I am a
Transgendered pre-op inmate and was
Transfered from mule-creek in sometime
around Nov. 2006. I was transfered on a Non-
Adverse Transfer with no dispenary action
ive been through to much discrimenation
Here based on my criminal offense and sexual
orientation ive been set up in charges that
I didn't commit or say. ive been physically
abused and verbelly harassed by A yard staff.
My family is aware of the situation and I
just need to be interviewed and a solution
made please help me.

enclosed                     Respectfully,
cc. 602 Appeal           Ms. Ayana -AKA-
                                    B. Hixon T78115 D8.131
 i fear for my life                                    Ad-Se
 if Housed 0 A yard
around Sgt Metcalfe
or C/O J. Cruzen

Dear chief of Inmate appeals...                    12-2-07

    My name is Bradley M Hixon T78115 Im current
toused in Ad-seg up in Salinas Valley State prison, I
filed a 602 Inmate appeals on Correctional officer J.
Cruzen who is currently assigned To Alfa yard (SNY)
Based on Staff Misconduct with me Enclosed: is a
xtra Copy of My 602 I filed and the appeals coordi-
nator is and has objectly failed To Responsed to m
602 that I filed within My normal Time limits tha
I have to file. (15 days)

    My order is for you To please order prison offica
To remedy the problem on the theory that the de
ayed appeal response Violate's CDC Rules and Infringed
upon the right of access to the Courts. Ive already file
283 Civil complaint To the Court But Salinas Valley
tate prison Appeals Coordinator has failed to Send
he a Log # and a reasonable response.

  This Issue has been on going with correctional office
r cruzen for over a period of 1 month intill my place
ment In Ad-seg.

     Please See attached Memorandum dated
      By Appellant on 12-2-07 / 602 Appeal Comp:
please forward My 602 and have them process
It on Time

     Thank you.      Respectfully.
                    B. Hixon T78115

                        T-15

Memorandum
December 2, 2007

Inmate: Bradley Hixon CDC # T78115  D8·131

TO: Cheif Inmate Appeals Coordinator. (Sacramento)

Good Evenning Cheif, Please take this Question into consideration concerning your Appeal coordinator CC.II T. Variz who Misuse His Authority and show unprofessial and inability to Perform His duties as A CC.II Appeals coordinator cheif this individual have been previously written up for his current races discriminations and abuse & His participate unethical illegal criminal acts by not allowing appellant to file a cdc inmate/parolee appeal form 602. So therefore Chief I have no other mean at S.V.SP to be able to exhaust my administrative remedies through that office...

Im truly seeking Justice in the interest by you Sir Because chief, as I have informed my family members about this Matter that Im legally in the Protected Custody of CDC Please help Me Chief Respectfully Submitted. Also I have filed A Civil Suit

Respectfully,
Yu B. Hixon T78115  D8·131

P.S. (see attached Exhibit)
"A" Section
Attached to 602 Appeal.

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)


# RIGHTS AND RESPONSIBILITY STATEMENT


*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]   FOR ANY IMPROPER POLICE   [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.   CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| Bradley Hixon | B M Hixon | 11/15/07 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Bradley Hixon | B M Hixon | T78115 | 11/15/07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

# AFFIDAVIT

I, Michael Drebert K89472, declare, under the penalty of perjury that I am a witness to the following events that took place on November 11, 2007 and that the information I offer throughout this statement is true and correct.

On Nov. 11, 2007 while housed in A2-112, my cellmate I/M Hixon T78115 failed to return to the cell that we were housed in, after the conclusion of dayroom (approx. 3:00 P.M.) After dinner, at approx. 6:00 P.M., an inmate informed my that I/M Hixon was going to Ad-se A few minutes later C/O J. Cruzen walked by my cell for count an I attempted to ask him if my cellmate (I/M Hixon) was going to "the hole" and why? He ignored my questions, gave me a "dirty look" and kept walking. A few minutes after that C/O Noguera came to my cell door asking for I/M Hixon's property. I then asked hir (C/O Noguera) why I/M Hixon was going to "the hole" He told me that the reason was petty and that he attempted to speak up for I/M Hixon but C/O J. Cruzen was not hearing it and that I/M Hixon would be going to "the hole" because C/O J. Cruzen said he felt "threatened"

Upon my arrival to Ad-seg., I/M Hixon and I agreed to be cellmates and have remained cellmates to this day. On or about the second week of December 2007, I am a witness to the fact that I/M Hixon's mail (and legal mail) has disappeared after beir picked up by staff.

The foregoing is true and correct. This statement has been written and signed without stress or duress.

Michael Drebert K89472

Date: 1/21/08                    *Michael Drebert*

# EXHIBIT
# COVER PAGE 

**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

## NUMBER OF PAGES TO THIS EXHIBIT: _____5_____ PAGES

## JURISDICTION: (CHECK ONLY ONE)

☐ MUNICIPAL COURT

☐ SUPERIOR COURT

☐ APPELLATE COURT

☐ STATE SUPREME COURT

☒ UNITED STATES DISTRICT COURT

☐ STATE CIRCUIT COURT

☐ UNITED STATES SUPREME COURT

☐ GRAND JURY

STATE OF CALIFORNIA

*Department of Corrections*

*Emergency*

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

*Category* **10**

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | | 1. | |
| 2. | | 2. | |

You may appeal any policy, action or decision which has significant adverse affect upon you. With the exception of Serious 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeal Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

*Processing Appeals*

| NAME HIXON | NUMBER T-78115 | ASSIGNMENT N/A | UNIT/ROOM NUMBER D8-131 |
|---|---|---|---|

**A. Discuss Problem:** S 3391 (A) on 11/11/07 C/o J cruzen Made Some discrimenatin enments Towords me. By calling me "A faggot Ass Bitch" He also stated The that He will make sure that I go to Ad-seg w/a 115 so I cants go bac to His Building. He said to me that He was going to write false docu mentation on me with Sgt metcalfe So that I cant go back to A yard. cause they dont like homosexuals on that yard that is why there trying to get rid of all of us, cause were nasty and worthless this is the 3rd loc I send out but the other two didnt make it C/o J cruzen has made a rent threats Towords me since I been located in His Building which

If you need more space, attach on additional sheet.

**A. Action requested:** ① for J cruzen To Be reprimanded on situations like this ② for this to be brought to justice ③ To not use against me with reprisal ④ for me to dr doctor for my stress and dures duress ⑤ for this to be placed into His file ⑥ for me e transfered out the institution due to C/o J cruzens threats towords me. ⑦ and to Have a restraining order against Him Aste Please

| Inmate/Parolee Signature: Bradley Hixon | Date Submitted: 11/15/07 |
|---|---|

**B. INFORMAL LEVEL** (Date Received _____)

Staff Response:

RECEIVED JAN 04 2008

DUPLICATE
07-50-21

Staff Signature: _____   Date Returned to Inmate: _____

**C. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigators Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for procession within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control Form BC-1E, Inmate Claim

*Internal Affairs*

CC: Mr Hixon T78115
warden Evans Susp

| CDC Appeal Number: |
|---|
| |

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          _Northern_____ DISTRICT OF CALIFORNIA

10
11                                    )    CASE No. _C07-6078 WHA_
       Petitioner/Plaintiff          )
12     _Bradley M. Hixon_            )    MOTION FOR APPOINTMENT
                                      )    OF COUNSEL
13     vs.                            )
                                      )
14     _C/o J. Cruzen_               )
                                      )
       Defendant/Respondent.         )
15     _____)

16          COMES NOW, Petitioner/Plaintiff _Bradley M. Hixon_

17     respectfully requesting appointment of counsel pursuant to 28

18     United States Code (U.S.C.), §1915(d). Appointment of counsel

19     is necessary because Petitioner is a state prisoner, who is

20     unlearned in the law, having only a __2.0__ grade education;

21     indigent and cannot afford to obtain counsel, and because of

22     his incarceration, is unable to obtain crucial evidence under

23     discovery that only an attorney can obtain through cooperation.

24          Although the District Court cannot appoint counsel per se

25     _MALLARD v. UNITED STATES COURT for the SOUTHERN DISTRICT OF_

26     _IOWA, 490 U.S. 296, 307-308 (1989))_, the District Court does

27     not have broad discretion to request counsel for indigents

28     under 28 U.S.C., § 1915(d); however, the appointment of _Counsel_

                                     1

1   is reserved for exceptional circumstances. No clear definition

2   of this standard exists, but it turns on the quality of two (2)

3   basic factors. The two-prong test is:

4   "A finding of exceptional circumstances requires an
    evaluation of both 'the likelihood of success on the
5   merits and the ability of the petitioner to articulate his
    claims pro se in light of the complexity of the legal
6   issues involved.' Neither of these factors is disposi-
    tive and both must be viewed together before reaching a
7   decision." *TERRELL v BREWER* 935 F.2d 1015 (9th Cir. 1991).

8   "First, the District Court should consider the merits of

9   the indigent's claim. Even where the claim is not frivolous,

10  counsel is often unwarranted where the indigent's chances of

11  success are extremely slim, such as, 'because the law is

12  clearly settled. Such action would be futile'". *LIGARE v*

13  *HARRIS,* 128 F.2d 582, 583 (7th Cir. 1942)).

14  Petitioner/Plaintiff contends that he has passed the first

15  prong of *TERRELL v BREWER* (supra) as his claim(s) are not

16  meritless because under the 1996 Prison Litigation Reform Act,

17  all in forma pauperis actions brought by prisoners are to be

18  screened and summarily dismissed sua sponte if they are found

19  to be frivolous, malicious, or fails to state a claim on which

20  relief can be granted. *RODGERS v DEBOE,* 950 F.Supp. 1024, 1028

21  (S.D. Cal. 1977)); 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

22  Also, there is no "clearly settled" case law making the claim

23  of "futile," as every such claim as presented in Petitioner's/

24  Plaintiff's complaint must stand or fall on its own merit if

25  the claims are supported by evidence, Petitioner/Plaintiff

26  prevails, and if not, he loses.

27  Whether legal issues involved are complex or not is

28  subjective. Certainly, to a qualified and skillfully trained

1   attorney, no legal issue is too complex, if the legal issue is
2   in that attorney's field of expertise.  But even a professional
3   attorney is not expected to be competent outside his or her
4   field of training.  *MALLARD v UNITED STATES DISTRICT COURT for*
5   *the SOUTHERN DISTRICT of IOWA,* 490 U.S. 296, supra).   There-
6   fore, how can a prisoner pro se litigant, with no more than
7   a(n)  _2.0_  grade education, be expected to overcome complex
8   procedural rules and answer responses prepared by teams of
9   highly skilled and seasoned state's attorneys, whose only job
10  is to thwart prisoner law suits?

11      "Most actions require development of further facts during
12  litigation and a pro se incarcerated litigant will seldom be in
13  a position to investigate all the necessary facts to support
14  the case."  *WILBORN v ESCALDERON,* 781 F.2d 1328, 1331 (9th
15  Cir. 1986)).

16      Therefore, "Where the indigent is in no position to
17  investigate crucial facts, counsel should be appointed
18  *MACLIN v FREAKE,* 650 F.2d 885, 886 (7 th Cir. 1981)).
19  It has long been held in this Circuit that "[it] might be
20  that an appointed attorney could, by way of deposition, obviate
21  the necessity of transporting the plaintiff, or, at least,
22  preserve testimony for subsequent hearings."  *UNITED STATES v*
23  *MADDEN,* 352 F.2d 792, 793 fn.1 (9th Cir. 1965).

24      If the Court does not request that counsel represent
25  Petitioner, it is in all likelihood that Petitioner's/
26  Plaintiff's case will not only be prejudiced, but lost.   Not
27  for want of meritorious claim, but rather for want of evidence
28  to prove [the] merit within the claims, which could have only

1   been obtained with and through the professional expertise

2   and assistance of counsel.

3                               CONCLUSION

4       For the foregoing reasons, and in the "Interest of

5   fairness in justice," Petitioner/Plaintiff respectfully that

6   the Court appoint counsel in this matter before the Court.

7                           Respectfully submitted,

8   DATED: May 13, 2008    _Bradley N. Dixon_

9                           Plaintiff/Petitioner

10  //

11  //

12  //

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28