IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY MONTREAL HIXON,<br><br>    Plaintiff,<br><br>  v.<br><br>Correctional Officer J. CRUZEN,<br><br>    Defendant. | No. C 07-6078 WHA (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS, GRANTING DEFENDANTS' MOTION TO DISMISS, AND CLOSING CASE** |

This is a civil rights case filed pro se by a state prisoner. Plaintiff has filed several motions and defendant has moved to dismiss for failure to exhaust. Plaintiff's motions will be denied and the motion to dismiss will be granted.

**I.    PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed several motions for "appointment" of counsel.

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). In short, the Court has only the power to ask pro bono counsel to represent plaintiff, not the power to "appoint" counsel.

///

Plaintiff is capable of presenting his claims effectively, and the issues at this stage of the case are not complex. The motions for counsel will be denied.

## II. PLAINTIFF'S OTHER MOTIONS

Plaintiff's motion for entry of default will be denied because the motion to dismiss was filed within the time to do so as extended. Plaintiff's motion to stay the case pending his transfer will be denied because he has opposed the motion to dismiss and that motion is dispositive of the case.

## III. MOTION TO DISMISS

Defendant has moved to dismiss for failure to exhaust. Plaintiff mailed an opposition to defendant's counsel, but it did not make it onto the court's docket. Defendant has, however, provided a declaration and a copy of the opposition (Decl. Fritz, Exh. A). Plaintiff does not object that it is not a true copy, so the opposition as provided by defendant will be considered in ruling on the motion.

Federal law provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted).

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." *Id.* at 2387. Therefore, the PLRA exhaustion requirement requires proper exhaustion. *Id.* "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386 (footnote

omitted).  Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

The administrative appeal that plaintiff contends was his attempt to exhaust was filed on November 27, 2007, and was pending at the first formal level of review on December 3, 2007, when the complaint in this case was filed (Decl. Frtiz, Exh. A (plaintiff's opposition to motion to dismiss) at Exh. A).[1] The administrative appeal was answered on January 11, 2008 (*ibid.*). Plaintiff's response to the motion to dismiss is that he was prevented from completing his

---

[1] As defendant correctly points out, this was only six days after the administrative appeal was filed, and he could not have expected a reply by then. It appears likely that he filed the complaint in this court without regard to whether the administrative appeal had been completed or not.

administrative appeal by actions of the guards, but this of course cannot apply to the administrative appeal that was pending when he filed this complaint (*id.* at 1 and 2 of opposition). That is, he simply does not contest that he had not completed exhaustion *before* filing, as is required, and his excuse for not doing so is inapplicable given the time frame involved. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (action must be dismissed unless prisoner exhausted available administrative remedies *before* filing suit, even if prisoner fully exhausts while suit is pending); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). The motion to dismiss will be granted.

## CONCLUSION

Plaintiff's motions for appointment of counsel (documents 8, 10 and 20 on the docket), his motion for default (document number 17), and his motion for stay (document 29) are **DENIED**. Defendant's motion to dismiss for failure to exhaust (document 22) is **GRANTED**. Plaintiff's motion for a preliminary injunction (document 9) is **DENIED** as moot. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August  18 , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\HIXON6078.DSM-EXH.wpd

4